NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Bernard LAUFGAS,<br><br>　　　Plaintiff,<br><br>v.<br><br>Thomas E. O'BRIEN, in his capacity as a Judge of the Superior Court for the State of New Jersey,<br><br>　　　Defendant. | Civ. No. 10-0618<br><br>ORDER |

THOMPSON, U.S.D.J.

　　　This matter comes before the Court upon Defendant's Motion to Dismiss [docket # 7]. The Court has decided the motion upon consideration of the parties' written submissions, without holding oral argument. For the reasons given below, the motion is granted.

　　　Plaintiff Bernard Laufgas alleges that Defendant Thomas O'Brien, a Judge of the Superior Court for the State of New Jersey, violated his constitutional rights when he told Plaintiff to leave his courtroom during a motion hearing that took place on February 5, 2008. Plaintiff was not a party to that case, *New Century Financial Inc. v. Dunn*, DC-14335-07. In the midst of the hearing, the following colloquy took place between Judge O'Brien and Mr. Laufgas:

> THE COURT:　　Who's the other helper in the courtroom? Who's that?
> MR. LAUFGAS:　Me?
> THE COURT:　　Yeah.
> MR. LAUFGAS:　Bernard Laufgas.
> THE COURT:　　And what are you doing here in my courtroom because I have a conflict with you?
> MR. LAUFGAS:　I understand.
> THE COURT:　　So you can remove yourself. Okay?
> MR. LAUFGAS:　I'm just sitting here.
> THE COURT:　　You're not allowed to sit here in my courtroom. We have a conflict.

1

|  |  |  |
|---|---|---|
| MR. LAUFGAS: | Oh, okay. | |
| THE COURT: | So you can leave now.  Thank you. | |
| MR. LAUFGAS: | I understand. | |
| THE COURT: | Okay?  Just for the record, Mr. Laufgas and I have a conflict, so he's not allowed in my courtroom. | |

It appears that, back in 1998, Judge O'Brien presided over and ultimately dismissed a lawsuit Laufgas had filed against a different New Jersey state court judge.  After the termination of that lawsuit, Judge O'Brien placed Mr. Laufgas on his "recusal list."

Plaintiff Laufgas filed this lawsuit on February 4, 2010, alleging that Defendant violated his First, Sixth, and Fourteenth Amendment rights.  He has asked for an order declaring that Judge O'Brien violated the United States and New Jersey Constitutions.  On March 24, 2010, Defendant filed a motion to dismiss in lieu of an answer, arguing that this Court lacks subject matter jurisdiction and that Plaintiff has failed to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(1) & (6).

For purposes of resolving the motion, the Court will assume, without deciding, that Defendant violated the Constitution when he told Plaintiff to leave his courtroom.  However, even given this assumption, Plaintiff's claims must be dismissed because neither declaratory nor injunctive relief is available under the circumstances alleged in the Amended Complaint.

In order to obtain declaratory relief, a plaintiff must demonstrate that there is "a case of actual controversy."  28 U.S.C. § 2201.  As the Supreme Court has explained, the Declaratory Judgment Act's "actual controversy" requirement is identical to Article III's requirement that a federal court act only upon "cases" and "controversies."  *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239-40 (1937).  There must be a "live dispute" between parties who have adverse interests "of sufficient immediacy and reality."  *Cutaiar v. Marshall*, 590 F.2d 523, 527 (1979) (citations omitted).  The case must present a dispute that is "'consonant with the exercise of the

judicial function' and 'appropriate for judicial determination.'" *Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 242 (1952) (quoting *Aetna Life Ins. Co.*, 300 U.S. at 240).

In this instance, there is no "case" or "controversy" between the parties. Plaintiff simply seeks a declaration that Defendant's past actions violated the Constitution. Such a declaration would not resolve the rights or liabilities of either party—it would simply amount to a judicial advisement as to whether a particular action taken under particular circumstances is lawful. Since such a judgment would not resolve any existing legal disagreement or provide compensation for any past unlawful acts, this matter does not present any "live dispute" appropriate for judicial involvement. A declaratory judgment in this case would in substance be an "advisory opinion," notwithstanding the fact that it concerns actions that have taken place in the past. Therefore, this matter is neither "consonant with the exercise of the judicial function" nor "appropriate for judicial determination."

If the Amended Complaint is instead construed as a request for injunctive relief, it is also clear that Plaintiff's claims must be dismissed. A single instance of past conduct does not justify the entry of prospective injunctive relief, again because it does not demonstrate that there is a live case or controversy between the parties. *See, e.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 105-05 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 496-97 (1974).

As this lawsuit presents no "case" or "controversy" within the meaning of Article III of the United States Constitution, this Court lacks subject matter jurisdiction. Even if such jurisdiction existed, Plaintiff's Amended Complaint would fail to state a claim upon which relief could be granted. Accordingly, this case must be dismissed.

For these reasons, it is, this 3rd day of June, 2010

ORDERED that Defendant's Motion to Dismiss [7] is GRANTED; and it is further

ORDERED that Plaintiff's Amended Complaint is DISMISSED; and it is further

ORDERED that this case is closed.

*/s/ Anne E. Thompson*
       ANNE E. THOMPSON, U.S.D.J.